RAY W. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 47111-86
United States Tax Court
T.C. Memo 1993-417; 1993 Tax Ct. Memo LEXIS 428; 66 T.C.M. (CCH) 685; September 13, 1993, Filed *428 Decision will be entered under Rule 155. For petitioner: Paul H. Roskoph. For Respondent: William D. Reese. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to tax and Additional Interest Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6621(d)
1979
$  22,722  -
-
[1]
1980
112,630
$ 5,632
[2]
[1]
1981
2,084
104
[2]
[1]
All section references are to the Internal Revenue Code, as amended. All of the substantive issues in this case have been settled. The only issue remaining for decision is whether the period of limitations for assessment of the deficiency and additions to tax for 1980 expired before the date the notice of deficiency was mailed to petitioner. This, in turn, depends upon the validity of a Form 872A that an IRS representative altered *429 after petitioner executed it. We hold that the alteration was not material, the Form 872A remained valid, and the period of limitations for 1980 did not expire before the date the notice of deficiency was mailed to petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Palo Alto, California, on the date the petition was filed. After applying for and being granted an extension of time to file his 1980 Federal income tax return, petitioner timely filed his return on October 15, 1981. The return reported petitioner's distributive share of losses for 1980 from several partnerships that the IRS characterized as tax shelters. These included Heritage Partners Ltd., which was shown on the return as having a Federal Employment Identification Number (Identification Number) of 75-1635025, and Cochise Investors, which was shown as having an Identification Number of 86-0378409. Petitioner's 1979 tax return reported petitioner's distributive share of losses from Heritage Partners, Ltd. for 1979, and noted Heritage Partners, Ltd's. Identification *430 Number under the heading "Employer Identification Number". His 1981 return reported income from Heritage Partners, Ltd. and a loss from Cochise Investors. As in the prior years, the Identification Number was shown next to each partnership. Petitioner received a Schedule K-1 for Heritage Partners, Ltd. for 1979, 1980, and 1981 and a Schedule K-1 for Cochise Investors for 1980 and 1981. Each reflected the partnership's Identification Number. Petitioner's 1979, 1980, and 1981 tax returns were selected for audit. The audit covered, in part, losses claimed as a result of petitioner's interests in Heritage Partners, Ltd. and Cochise Investors. On September 3, 1981, more than a month before petitioner filed his 1980 tax return, petitioner's accountant, Robert H. Eng, wrote to the IRS regarding the examination of petitioner's 1978 and 1979 tax returns and made reference to adjustments relating to Heritage Partners, Ltd. The record contains no indication that petitioner's 1978 tax return was ever examined. Two and a half years later, and prior to the expiration of the period of limitations for assessment for 1980, the IRS forwarded to petitioner a Form 872A, Special Consent to Extend *431 the Time to Assess Tax. The form, in essence, purported to extend the limitation period indefinitely unless inter alia petitioner sent the IRS a notice of termination, which he never did. Accompanying the form was a letter, dated February 1, 1984, which stated, in part: In Re: Cochisc [sic] Investors 75-1635025
Dear Taxpayer: We are examining the tax return of the entity(s) named above. Adjustment may be proposed that could affect your Federal income tax return for 1980. The limitation period prescribed by law for assessing additional tax will expire before the entity's examination is completed. We would, therefore, appreciate your extending the limitation period by signing and dating all copies of the enclosed consent Form 872A, and returning them within 10 days from the date of this letter.
* * * In pertinent part, the Form 872A stated: (5) The amount of any deficiency assessment is to be limited to that resulting from any adjustment to (A) the taxpayer's distributive share of any item of income, gain, loss, deduction, or credit of, or distribution from
86-0378409 Cochisc [sic] Investors 75-1635025
(B) the tax basis of the taxpayer's *432 interest(s) in 86-0378409 Cochisc [sic] Investors 75-1635025
and, (C) any gain or loss (or the character or timing thereof) realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest(s) in 86-0378409 Cochisc [sic] Investors 75-1635025$ =I
* * * Petitioner read the IRS letter and Form 872A over the telephone to Mr. Eng and asked him whether he should sign it. On or about February 9, 1984, within the 10 days requested by the IRS, petitioner signed and returned the Form 872A to the IRS. Petitioner kept a copy of the Form 872A. At some point after returning the original, petitioner highlighted on the copy, with a star and box, the Identification Number (86-0378409) for "Cochisc [sic] Investors". On April 4, 1984, about 2 months later, an IRS representative signed the Form 872A and returned a copy to petitioner. It stated, in pertinent part: * * * (5) The amount of any deficiency assessment is to be limited to that resulting from any adjustment to (A) the taxpayer's distributive share of any item of income, gain, loss, deduction, or credit of, or distribution from 86-0378409 Cochisc [sic] Investors 75-1635025 *433 Heritage Partners, Ltd.
(B) the tax basis of the taxpayer's interest(s) in 86-0378409 Cochisc [sic] Investors 75-1635025 Heritage Partners, Ltd.
and, (C) any gain or loss (or the character or timing thereof) realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest(s) in 86-0378409 Cochisc [sic] Investors 75-1635025 Heritage Partners, Ltd.
* * * The insertion of "Heritage Partners, Ltd." next to its Identification Number (75-1635025) was made by the IRS, and was of a different type style than the rest of the document. No other changes were made to the document. By letter dated November 7, 1985, 19 months after receiving the fully executed Form 872A and over 4 years after filing his 1980 return, petitioner sent the IRS copies of cancelled checks representing his cash investments in Heritage Partners, Ltd. and Cochise Investors. The letter stated: "To the best of my knowledge, the Statute of Limitations has expired for the years 1979 and 1980 and possibly for 1981 as well." On September 17, 1986, almost 5 years after petitioner filed his 1980 return, respondent mailed to petitioner a notice of deficiency, relating, *434 in part, to 1980. Respondent attached to the notice of deficiency a Form 4549A listing the adjustments to income for 1979, 1980, and 1981. For the year 1980, next to the heading Heritage Partners, Ltd., "0.00" was listed, indicating that respondent made no adjustments to petitioner's tax liability for 1980 relating to this item. OPINION Petitioner contends that the period of limitations for assessment of tax for 1980 is time barred. He claims that the IRS invalidated the Form 872A when it altered the form subsequent to his signing it. We disagree. Section 6501(a) provides, generally, for a 3-year period of limitations on assessment. Section 6501(c)(4) extends the period of limitations on assessment by the mutual consent of the taxpayer and the IRS. Form 872A is used by the IRS for such purpose. In the instant case, petitioner filed his 1980 return on October 15, 1981. The 3-year period of limitations on assessment for 1980 would have expired on October 15, 1984, almost two years before the date the notice of deficiency was mailed, unless the Form 872A at issue extended the period of limitations for assessment. A taxpayer's consent to extend the period of limitations on *435 assessment is not a contract, but rather a unilateral waiver of a defense by the taxpayer. . Nonetheless, principles of contract law are significant because section 6501(c)(4) requires that the parties reach a written agreement as to the extension. ; . And in determining whether an agreement has been reached, we have held that there must be an objective manifestation of mutual assent to the terms of the written consent. ; . Petitioner claims that when he signed the Form 872A on February 9, 1984, he believed it related solely to Cochise Investors. He contends that the IRS' subsequent alterations invalidated the form because there was no mutual assent to extend the period of limitations on assessment for Heritage Partners, Ltd. Further, petitioner asserts that because the IRS altered the form, respondent bears *436 the burden of showing mutual assent. Petitioner cites as authority for this proposition In that case, the taxpayers executed a single Form 872 that purported to extend the period for assessment for their 1974, 1975, and 1977 taxable years to June 30, 1981. Without obtaining the taxpayers' consent, the Commissioner subsequently struck through the reference to 1977. The Commissioner struck the reference because he noted that a restriction on the Form 872 limited future assessments to issues relating to Oaklawn Farms, Inc., and he did not wish to so limit future assessments. The taxpayers argued that the limitation on future assessments for 1977 was part of a "package deal" without which they would not have agreed to extend the period for assessment for 1974 and 1975. The Court held for the taxpayers, concluding that the parties had, in fact, contemplated a package deal and that striking the reference to 1977 was a material alteration which rendered the form invalid. The facts in this case are clearly distinguishable from those in Here, the Identification *437 Number for Heritage Partners, Inc. was listed on the Form 872A when petitioner signed it. Respondent merely added the name next to the number that was already there, a number which, we conclude, petitioner knew was that of Heritage Partners, Ltd. This alteration did not modify the rights of either party in any manner, but merely served to clarify that which was already understood and agreed to by the parties. . Unlike , this modification was not material, and hence did not invalidate the agreement. Although petitioner testified that he thought that only Cochise Investors was covered by the Form 872A when he signed it, from observing his demeanor and considering all of the facts, we disbelieve his testimony. We observed petitioner to be cunning and shrewd. We are convinced that he is trying to confuse the facts in an attempt to invalidate the Form 872A, so he can escape a substantial tax liability. Petitioner had received a Schedule K-1 for each partnership for each year which showed each partnerhip's Identification Number. The Identification *438 Numbers for each partnership were shown on his tax returns for 1979, 1980, and 1981, and petitioner was aware that adjustments on his 1980 return for claimed losses with respect to Heritage Partners, Ltd. were being considered by the IRS in connection with the audit of his tax returns. We find that petitioner knew, at the time of signing, that the Identification Number 75-1635025 represented Heritage Partners, Ltd., and that he knew that by signing Form 872A he was extending the period for assessment for both Cochise Investors and Heritage Partners, Ltd. In any event, the inclusion of Heritage Partners, Ltd. did not increase petitioner's tax liability by even one cent, as the IRS ultimately determined that petitioner had no additional tax liability for 1980 relating to Heritage Partners, Ltd. In sum, we find there was a meeting of the minds that the extension of the period of limitations on assessment covered both partnerships, and that the parties executed a valid Form 872A. The Form 872A effectively extended the period of limitations on assessment for petitioner's tax year 1980 for adjustments relating to both partnerships, Heritage Partners, Ltd. and Cochise Investors. To *439 reflect the foregoing and the settlement of the substantive issues, Decision will be entered under Rule 155. Footnotes
1. Interest on the underpayment attributable to tax motivated transactions, accruing after Dec. 31, 1984, at 120 percent of the normal underpayment rate.↩
2. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩